IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BROADCAST MUSIC, INC.; | ) | |
| SONY/ATV SONGS LLC d/b/a | ) | |
| SONY/ATV ACUFF ROSE MUSIC; | ) | |
| WELSH WITCH MUSIC; INTERIOR | ) | |
| MUSIC CORP.; PAUL SIMON MUSIC; | ) | |
| SONGS OF UNIVERSAL, INC.; | ) | |
| ESCATAWPA SONGS; SONY/ATV | ) | |
| SONGS LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | |
| | ) | |
| BAR-B-CORP, d/b/a GOOD OLD DAYS | ) | |
| BAR; SHARON BABB and THOMAS | ) | |
| X. FLAHERTY, each individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

### JURISDICTION AND VENUE

1.  This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

### THE PARTIES

3.  Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to

license the public performance rights in approximately 10.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4.    The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit.  All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5.    Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Acuff Rose Music.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

6.    Plaintiff Welsh Witch Music is a sole proprietorship owned by Stephanie Nicks. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7.    Plaintiff Interior Music Corp. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

8.    Plaintiff Paul Simon Music is a sole proprietorship owned by Paul Simon.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

9.    Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10.    Plaintiff Escatawpa Songs is a partnership owned by Bradley Kirk Arnold, Robert Todd Harrell, Matthew Darrick Roberts and Christopher Lee Henderson.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

11.    Plaintiff Sony/ATV Songs LLC is a limited liability company.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

12.   Defendant BAR-B-CORP is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which operates, maintains and controls an establishment known as Good Old Days Bar, located at 501 East Street, Bloomsburg, Pennsylvania 17815, in this district (the "Establishment").

13.   In connection with the operation of the Establishment, Defendant BAR-B-CORP publicly performs musical compositions and/or causes musical compositions to be publicly performed.

14.   Defendant BAR-B-CORP has a direct financial interest in the Establishment.

15.   Defendants Sharon Babb and Thomas X. Flaherty are officers of Defendant BAR-B-CORP with responsibility for the operation and management of that corporation and the Establishment.

16.   Defendants Sharon Babb and Thomas X. Flaherty have the right and ability to supervise the activities of Defendant BAR-B-CORP and a direct financial interest in that corporation and the Establishment.

CLAIMS OF COPYRIGHT INFRINGEMENT

17.   Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1 through 16.

18.   Since March 2012, BMI has reached out to Defendants over 65 times, by phone, an in-person visit, mail and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI repertoire.   Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

19.     Plaintiffs allege seven (7) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.   Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendant[s].

20.     Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants.  The Schedule contains information on the seven (7) claims of copyright infringement at issue in this action.   Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

21.     For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

22.     For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

23.     For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

24.     For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.   Thus, Defendants have committed copyright infringement.

25.     The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.   By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement.   Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(1)     Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(2)     Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

5

(3)   Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant

to 17 U.S.C. Section 505; and

(4)   Plaintiffs have such other and further relief as is just and equitable.


May 11, 2016

Stanley H. Cohen
I.D. No. PA 12095 (SHC2946)
Caesar Rivise, PC
12th Floor, Seven Penn Center
1635 Market Street
Philadelphia, PA 19103-2212
Telephone: 215-567-2010
Facsimile: 215-751-1142
email: scohen@crbcp.com

Attorney for Plaintiffs

# *Schedule*

| Line 1 | Claim No. | 1 |
|---|---|---|
| Line 2 | Musical Composition | All My Ex's Live In Texas |
| Line 3 | Writer(s) | Sanger D. Shafer; Lyndia J. Shafer |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Acuff Rose Music |
| Line 5 | Date(s) of Registration | 9/24/86 |
| Line 6 | Registration No(s). | PA 303-954 |
| Line 7 | Date(s) of Infringement | 03/11/2016 |
| Line 8 | Place of Infringement | Good Old Days Bar |

| Line 1 | Claim No. | 2 |
|---|---|---|
| Line 2 | Musical Composition | Gypsy |
| Line 3 | Writer(s) | Stephanie Nicks  a/k/a Stevie Nicks |
| Line 4 | Publisher Plaintiff(s) | Stephanie Nicks, an individual d/b/a Welsh Witch Music |
| Line 5 | Date(s) of Registration | 8/6/82     1/25/83 |
| Line 6 | Registration No(s). | PA 148-803   PA 161-950 |
| Line 7 | Date(s) of Infringement | 03/11/2016 |
| Line 8 | Place of Infringement | Good Old Days Bar |

| Line 1 | Claim No. | 3 |
|--------|-----------|---|
| Line 2 | Musical Composition | Lean On Me |
| Line 3 | Writer(s) | William H. Withers a/k/a Bill Withers |
| Line 4 | Publisher Plaintiff(s) | Interior Music Corp. |
| Line 5 | Date(s) of Registration | 3/29/72    7/17/72 |
| Line 6 | Registration No(s). | Eu 319523  Ep 304954 |
| Line 7 | Date(s) of Infringement | 03/11/2016 |
| Line 8 | Place of Infringement | Good Old Days Bar |

| Line 1 | Claim No. | 4 |
|--------|-----------|---|
| Line 2 | Musical Composition | Sound Of Silence a/k/a The Sound Of Silence |
| Line 3 | Writer(s) | Paul Simon |
| Line 4 | Publisher Plaintiff(s) | Paul Simon, an individual d/b/a Paul Simon Music |
| Line 5 | Date(s) of Registration | 9/14/92        11/23/65        6/1/64 |
| Line 6 | Registration No(s). | RE 593-276    Ep 210635    Eu 827993 |
| Line 7 | Date(s) of Infringement | 03/12/2016 |
| Line 8 | Place of Infringement | Good Old Days Bar |

| Line 1 | Claim No. | 5 |
|--------|-----------|---|
| Line 2 | Musical Composition | Here Without You |
| Line 3 | Writer(s) | Brad Arnold; Matthew Darrick Roberts; Robert Todd Harrell; Christopher Lee Henderson |
| Line 4 | Publisher Plaintiff(s) | Songs of Universal, Inc.; Bradley Kirk Arnold, Robert Todd Harrell, Matthew Darrick Roberts and Christopher Lee Henderson, a partnership d/b/a Escatawpa Songs |
| Line 5 | Date(s) of Registration | 12/4/02 |
| Line 6 | Registration No(s). | PA 1-120-571 |
| Line 7 | Date(s) of Infringement | 03/12/2016 |
| Line 8 | Place of Infringement | Good Old Days Bar |

| | | |
|---|---|---|
| Line 1 | Claim No. | 6 |
| Line 2 | Musical Composition | Wonderwall |
| Line 3 | Writer(s) | Noel Gallagher |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC |
| Line 5 | Date(s) of Registration | 11/20/95 |
| Line 6 | Registration No(s). | PA 782-736 |
| Line 7 | Date(s) of Infringement | 03/12/2016 |
| Line 8 | Place of Infringement | Good Old Days Bar |

| | | | | | |
|---|---|---|---|---|---|
| Line 1 | Claim No. | 7 | | | |
| Line 2 | Musical Composition | Stand By Me | | | |
| Line 3 | Writer(s) | Ben E. King; Jerry Leiber p/k/a Elmo Glick; Mike Stoller p/k/a Elmo Glick | | | |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC | | | |
| Line 5 | Date(s) of Registration | 2/21/89 | 4/17/61 | 8/4/61 | 9/27/61 |
| Line 6 | Registration No(s). | RE 430-905 | Eu 667764 | Eu 683281 | Ep156127 |
| Line 7 | Date(s) of Infringement | 03/11/2016 | | | |
| Line 8 | Place of Infringement | Good Old Days Bar | | | |